UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

Paramount Surgery Center, PLLC,
Plaintiff,
v.                                                    Civil Action No.: 4:25-cv-03899

Argos USA, LLC,
Defendant.

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Paramount Surgery Center, PLLC, by its attorneys, Richard Bradley O'Neill of The O'Neill Firm, PLLC, for its Complaint against Defendant, Argos USA, LLC, alleges as follows:

### INTRODUCTION

1.      This legal action seeks to address the denial and insufficient reimbursement of crucial healthcare services provided by Plaintiff to Carlos Campos, Maritza Campos, and Fixto Campos (collectively, the "Patients"), all of whom were participants or beneficiaries under Defendant's employee health plan (the "Plan"). As the party responsible for overseeing and managing the Plan, Defendant has failed in their duties surrounding claims processing and payment as outlined under the Employee Retirement Income Security Act of 1974 ("ERISA"). ERISA is a federal law passed to protect American workers enrolled in employer-sponsored benefit plans.

2.      In breaching their obligations under ERISA and the Plan itself, Defendant has wrongly denied Plaintiff's claims for services rendered to the Patients. This lawsuit aims to obtain full reimbursement owed to the Plaintiff and enforce the Defendant's contractual duties to administer the Plan fairly. It also alleges that Defendant violated core fiduciary responsibilities by not acting solely in the interests of Plan participants and beneficiaries when evaluating claims. Reasonable claims procedures and reviews are central to ERISA's protections.

3.      Furthermore, given COVID-19's massive disruptions, this suit invokes any special relief granted under ERISA Section 518 and Internal Revenue Code Section 7508A regarding deadlines for submitting claims, documentation, and appeals during national emergencies. Even amid a historic

pandemic, health plan administrators must still satisfy their basic obligations to participants and providers. The Plaintiff contends that the Defendant failed in this regard at the Patients' expense. However, applicable extensions shall be fully utilized to pursue these claims if timely submission is an issue.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action under 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331 as this action arises under the laws of the United States.

5. Venue is proper under 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391 because the alleged wrongful acts occurred, and the Defendant conducts business within this judicial district.

## PARTIES

6. Plaintiff Paramount Surgery Center, PLLC, located at 3728 Dacoma Street, Suite 115, Houston, TX 77092, rendered necessary medical services to Carlos Campos, Maritza Campos, and Fixto Campos, all of whom were participants or beneficiaries under Defendant's employee health plan (the "Plan"). All Patients assigned their benefits rights under the Plan to the Plaintiff. This grants the Plaintiff legal standing and power of attorney to pursue unpaid reimbursement. The Plaintiff is a professional limited liability corporation organized under Texas law. Its primary location for services is Houston, Texas.

7. Defendant Argos USA, LLC oversees the Plan as its administrator and fiduciary. Under ERISA, the Defendant must prudently manage the Plan and process claims. The Defendant conducts plan business activities within this District and State and has a primary business address of 3015 Winward Plaza, Suite 300, Alpharetta, GA 30005, and can be served with process via its Registered Agent, Corporate Creations Network Inc., at 5444 Westheimer, Suite 1000, Houston, TX 77056. This designation of service also applies to any successor plan to the extent benefits responsibility was assigned, merged, or transferred.

## FACTUAL ALLEGATIONS

8. The Plaintiff is an ambulatory surgery center that offered vital care to the Patients in Houston, Texas, and surrounding areas. Carlos Campos, Maritza Campos, and Fixto Campos sought treatment from the Plaintiff. As Carlos Campos was an employee of Argos USA, LLC, all Patients had active insurance coverage under a health plan administered by Defendant, identified by Group No.: 703971,

and Insured ID: 971419873. Carlos Campos is the primary insured under the Plan. Maritza Campos and Fixto Campos were covered dependents under the same Plan. Upon treatment, Carlos Campos, Maritza Campos, and Fixto Campos assigned the rights to the benefits under this Plan to Plaintiff, granting Plaintiff the authority to claim reimbursements from Defendant directly. This assignment is a standard procedure in healthcare, ensuring providers can directly engage with insurers for payment.

9. Carlos Campos, Maritza Campos, and Fixto Campos received serious medical diagnoses and required specialized procedures at the Plaintiff's facilities. After confirming coverage under their employee benefit plan, all Patients sought prompt treatment. Clinicians verified all Patients' insured status at intake, ensuring eligibility for the planned medical services. Defendant held itself out to be the responsible payor for the medically necessary services provided to the Patients. Therefore, the Plaintiff provided healthcare services to Carlos Campos, Maritza Campos, and Fixto Campos between the dates of February 2021 and May 2022 to address and treat various medical conditions. Plaintiff rendered these medically necessary and covered treatments according to prevailing standards of care.

10. The Defendant was obligated under both the terms of their contract and the federal standards set forth by the Employee Retirement Income Security Act of 1974 (ERISA) to evaluate treatment claims fairly and impartially. ERISA mandates that entities like the Defendant, responsible for administering health benefit plans, must adhere to principles of fiduciary responsibility, ensuring that they manage plans for the exclusive benefit of participants and beneficiaries. Specifically, the Defendant must process claims within a set timeframe, provide clear reasons for denials, and offer a fair and accessible appeals process for any disputes.

11. Defendant has not complied with ERISA in processing these claims. Paramount Surgery Center, PLLC, submitted claims for payment to Defendant promptly and adequately to reimburse the costs incurred in providing these services. Defendant has improperly processed these claims, resulting in complete denial of payment, failure to adhere to the terms of the Plan, and causing financial harm to Plaintiff. Despite submitting claims paperwork within deadlines, the Defendant failed to communicate decisively and refused payment without cause.

12. For example, due to the unprecedented challenges posed by the COVID-19 pandemic, the federal government implemented an extension for the submission of healthcare claims, acknowledging the difficulties healthcare providers and insurers faced in meeting standard deadlines. This extension, a critical adjustment under federal law, allowed additional time to submit claims, correspondence, and appeals, ensuring that the disruptions caused by the pandemic did not unfairly penalize providers or patients. Within this extended timeframe, the Plaintiff diligently submitted all necessary claims for the healthcare services provided. Despite the explicit allowance of this extension, Defendant disregarded the modified deadlines and wrongfully treated Plaintiff's claims as untimely. Additionally, Defendant employed various other pretexts to deny payment, including alleged procedural errors, further complicating the claim reimbursement process.

13. Defendant's actions violated clear notification and reimbursement duties under ERISA and the terms of the Plan itself. Despite performing costly yet essential medical services, Plaintiff has received zero compensation from Defendant to date. Despite meeting all obligations, Defendant has wrongfully withheld appropriate payments under the terms of the Plan for the services rendered to Carlos Campos, Maritza Campos, and Fixto Campos. The total outstanding benefits owed to Paramount Surgery Center, PLLC, is $2,691,235.08.

14. The Defendant failed to uphold their end of a clearly defined bargain to compensate treatment for covered plan participants. As overseers of Argos USA, LLC's sponsored Plan, Defendant must abide by ERISA's fundamental protections requiring fair claims processing. Intentionally denying valid reimbursement for medical care violates these federal standards governing benefit plans. Consequently, the Plaintiff initiates this lawsuit to secure long-overdue payments unlawfully withheld.

## CAUSES OF ACTION

### 1. ERISA Claim For Benefits

15. Plaintiff repeats and realleges paragraphs 1 through 14 as if fully set forth herein.

16. Under the terms of the Plan and as mandated by ERISA, Plaintiff is entitled to complete payment for the services provided to Carlos Campos, Maritza Campos, and Fixto Campos.

17.    Defendant has unjustifiably withheld or reduced benefits due under the terms of the Plan by not making full and proper payments on the claims submitted by Plaintiff.

18.    Under 29 U.S.C. § 1132(a)(1)(B), Plaintiff requests judgment in its favor for (1) recovery of the outstanding benefits due under the Plan, (2) a declaratory judgment clarifying Plaintiff's rights under the Plan, and (3) an order directing the payment of Plan benefits according to the terms of the Plan.

19.    The Plaintiff has exhausted all available Plan-administered claim and appeal procedures; alternatively, such procedures have been deemed exhausted or constructively denied.

**2. Claim For Breach Of Fiduciary Duty**

20.    Plaintiff repeats and realleges paragraphs 1 through 19 as if fully set forth herein.

21.    Defendant, as a fiduciary of the Plan, has a duty of loyalty and prudence towards those covered by the Plan under 29 U.S.C. §§ 1104(a)(1)(A) and 1104(a)(1)(B).

22.    The Defendant breached its fiduciary duties by incorrectly and untimely processing claims, failing to apply the applicable COVID-19 filing extension, and otherwise disregarding the terms of the Plan.

23.    Due to the Defendant's fiduciary breach, Plaintiff suffered damages in the form of unpaid or underpaid claims.

24.    Under 29 U.S.C. § 1132(a)(3), Plaintiff seeks appropriate equitable relief, including surcharge or restitution, to redress and enforce liability for the Defendant's breach of fiduciary duty.

**3. Claim for Breach of Contract**

25.    Plaintiff repeats and realleges paragraphs 1 through 24 as if fully set forth herein.

26.    Before providing treatment, Plaintiff and its representatives spoke with Defendant's representatives to verify each Patients' eligibility under Defendant's health plan and confirm that Defendant would pay for the medical services. Defendant advised Plaintiff that: (a) all Patients were eligible beneficiaries under Defendant's health plan, and (b) Plaintiff would be reimbursed for the medical services provided to the Patients through the Plan. Specifically, Defendant's conduct manifested an implicit request for Plaintiff to provide medical services to its Members by verifying the insurance eligibility and authorizing the medical services for the Members.

27.     Relying on this promise, Plaintiff provided medically necessary services to the Patients. Therefore, Plaintiff and Defendant agreed on the rendering of medical care and the payment for these medical services. Plaintiff has performed all conditions required by this Agreement. Conversely, Defendant breached the Agreement by failing to pay Plaintiff's customary and usual billed charges for the services provided to the Patients.

28.     Due to Defendant's breach, Plaintiff suffered damages in the amount of $2,691,235.08.

**4. Claim for Promissory Estoppel**

29.     Plaintiff repeats and realleges paragraphs 1 through 28 as if fully set forth herein.

30.     Before Plaintiff rendered reasonable and necessary medical services for any of the claims at issue, Plaintiff received verification by telephone from Defendant that a health benefit plan covered the Patients and the particular procedures. Additionally, Defendant verified that Plaintiff would be paid a reasonable amount for the services rendered. Plaintiff would not have provided these services to these Patients without obtaining this verification from Defendant.

31.     Plaintiff substantially and reasonably relied to its detriment on the promises made by Defendant. Plaintiff would not have provided services without such promises. Defendant knew or should have known that Plaintiff would rely upon the promises. Plaintiff reasonably relied on Defendant's promises and such reliance was foreseeable to Defendant. Thus, the Plaintiff suffered damages in an amount to be determined at trial.

**5. Claim for Quantum Meruit**

32.     Plaintiff repeats and realleges paragraphs 1 through 31 as if fully set forth herein.

33.     Plaintiff provided services and other things of value to Defendant and the Patients (i.e. medical services).

34.     Defendant and the Patients accepted the services or other things of value, specifically the medical services provided by Plaintiff. Defendant has not paid for such services and things of value. Plaintiff is entitled to payment from Defendant for the reasonable value of the services rendered in an amount to be proven at trial.

**JURY DEMAND**

41.    Plaintiff demands a trial by jury on all claims so triable.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff respectfully requests that the Court:

A. Award benefits due under the terms of the Plan, including the unpaid or underpaid claims, plus applicable interest;

B. Declare and enforce Plaintiff's rights under the terms of the Plan for coverage of past and future services rendered;

C. Order the Defendant to provide the Plaintiff with a Summary Plan Description as required under ERISA, as well as any applicable civil penalties for the Defendant's failure to comply with ERISA requirements;

D. Issue a declaratory judgment, clarifying Plaintiff's rights to future benefits under the terms of the Plan;

E. Enjoin the Defendant from continued violations of the Plan and ERISA;

F. Award attorneys' fees and costs pursuant to ERISA, 29 U.S.C. § 1132(g);

G. Grant any further relief as the Court deems just and proper.

Respectfully Submitted,

THE O'NEILL FIRM PLLC

By: */s/ Bradley O'Neill*
Bradley O'Neill
SBN:  24065837
S.D. Tex. No.: 2650113
5252 Westchester St.
Houston, Texas 77005
Tel: (713) 416-7370
Email: boneill@oneillfirm.com
**ATTORNEY FOR PLAINTIFF**