United States District Court
Southern District of Texas

**ENTERED**

April 22, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Paramount Surgery Center, PLLC, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action H-25-3899 |
| Argos USA, LLC and Quikrete Construction Materials, LLC, | § § § | |
| *Defendants.* | § | |

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION TO DISMISS**

The parties consented to the jurisdiction of the undersigned magistrate judge for all purposes, including entry of final judgment. ECF Nos. 20, 21. Pending before the court is Defendants' Motion to Dismiss. ECF No. 24. The motion is **GRANTED in part and DENIED in part** as explained herein.

### *1. Background*

Plaintiff Paramount Surgery Center, PLLC (Paramount) is an ambulatory surgery center. ECF No. 13 at 3. This suit is generally based on Paramount's allegations that it has not been paid for healthcare services it provided to three patients (the Patients) between February 2021 and May 2022. *Id.* at 3–4. Paramount alleges that all three patients had active insurance coverage under an employee benefit health plan (the Plan) administered by Argos USA, LLC and Quikrete Construction Materials, LLC (together, Defendants). *Id.* at 3. Patient C.C. was employed by Argos, and the remaining patients, F.C. and M.C., were covered dependents under the Plan. *Id.*

Prior to treating the Patients, Paramount spoke with Defendants' representatives to verify that each patient was

eligible for benefits and that Defendants would pay for the medical services. ECF No. 13 at 3–4, 8. Paramount alleges that "Defendants advised Plaintiff that: (a) all Patients were eligible beneficiaries under Defendants' health plan, and (b) Plaintiff would be reimbursed for the medical services provided to the Patients through the Plan." *Id.* at 8.

Each patient assigned their rights to benefits under the Plan to Paramount. ECF No. 13 at 3. According to Paramount, Defendants improperly refused to pay Paramount's claims in violation of the Employee Retirement Income Security Act of 1974 (ERISA). *Id.* at 4.

Paramount alleges that Defendants improperly processed Paramount's claims for payment of healthcare benefits, which caused complete denial of payment and violated the terms of the Plan. ECF No. 13 at 4. Paramount alleges that Defendants disregarded modified deadlines based on the COVID-19 pandemic, and wrongfully treated Paramount's claims as untimely. *Id.* As to the Plan itself, Paramount alleges the following.

> On information and belief based on Defendants' denials and standard ERISA plan provisions, the Plan contains provisions governing: (a) coverage for medically necessary surgical procedures; (b) out-of-network payment methodology at usual, customary, and reasonable rates; (c) preauthorization requirements for certain procedures; (d) timely filing requirements (subject to COVID-19 tolling under ERISA § 518); and (e) claims procedure and appeal rights under 29 C.F.R. § 2560.503-1. Defendants violated these provisions by denying all claims, disregarding COVID-19 extensions, and failing to provide adequate review of appeals

*Id.* at 5.

In its First Amended Complaint, Paramount alleges a claim for benefits under ERISA 29 U.S.C. § 1132(a)(1)(B) and, in the

alternative, a claim for breach of fiduciary duty under ERISA 29 U.S.C. §§ 1132(a)(3), 1104(a)(1)(A)–(B). ECF No. 13 at 6–7. Paramount also alleges state law claims for breach of contract, promissory estoppel, and quantum meruit. *Id.* at 7–9. Paramount states that its state law claims are pleaded as alternatives to its ERISA claims. *Id.* at 7. Defendants ask the court to dismiss all of Paramount's claims for failure to state a claim. ECF No. 24.

### *2. Legal Standard and Analysis*

Rule 12(b)(6) authorizes the court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Generally, the court is constrained to the "four corners of the complaint" to determine whether the plaintiff has stated a claim. *Morgan v. Swanson*, 659 F.3d 359, 401 (5th Cir. 2011).

Under Rule 12(b)(6), the court determines whether the plaintiff's complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Calogero v. Shows, Cali & Walsh, L.L.P.*, 970 F.3d 576, 580 (5th Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Ultimately, the "[f]actual allegations [in the complaint] must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citation omitted).

Courts accept "all well-pleaded facts as true" and "view[] them in the light most favorable to the plaintiff." *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 177 (5th Cir. 2018) (quoting *Jones v.*

*Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). "A plaintiff need only plausibly allege facts going to the ultimate elements of the claim to survive a motion to dismiss." *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 768 (5th Cir. 2019). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable[.]" *Id.* at 556.

Only statements of *fact* are to be taken as true. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Conclusory allegations are "disentitled . . . to the presumption of truth." *Iqbal*, 566 U.S. at 681. Thus, the court, in reviewing the plaintiff's complaint, may neither "accept conclusory allegations" nor "strain to find inferences favorable to the plaintiffs." *Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).

### 3. Analysis

Defendants' Motion to Dismiss seeks dismissal of all Paramount's claims. Defendants argue that Paramount's First Amended Complaint fails to state any viable claim and that the pleading is legally defective. ECF No. 24 at 6.

### A. ERISA Claim for Benefits

Defendants argue that Paramount's allegations lack the specificity necessary to state a plausible claim for benefits under ERISA. ECF No. 24 at 11–12. According to Defendants, "there still are no allegations explaining how or why Defendants wrongfully applied Plan terms or wrongfully interpreted Plan provisions when denying the Disputed Claims." *Id.* at 12.

Section 502(a)(1)(B) of ERISA provides that "[a] civil action may be brought . . . by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan[.]" 29 U.S.C. § 1132(a)(1)(B). As a general rule, to survive a motion to dismiss, a plaintiff asserting an ERISA cause of action must allege enough factual detail to (1) allow the court to determine whether the services were indeed covered services under the plan and (2) to give the defendant notice as to which provisions it allegedly breached. *Lone Star 24 Hr ER Facility, LLC v. Blue Cross & Blue Shield of Tex.*, No. 22-CV-01090, 2023 WL 5729947, at *7 (W.D. Tex. Sept. 5, 2023). The Fifth Circuit has clarified that "plaintiffs alleging claims under 29 U.S.C. § 1132(a)(1)(B) for plan benefits need not necessarily identify the specific language of every plan provision at issue to survive a motion to dismiss under Rule 12(b)(6)." *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Georgia, Inc.*, 892 F.3d 719, 728–29 (5th Cir. 2018).

The Fifth Circuit in *Innova* explained that "ERISA plaintiffs should not be held to an excessively burdensome pleading standard that requires them to identify particular plan provisions in ERISA contexts when it may be extremely difficult for them to access such plan provisions." 892 F.3d at 728. The court reasoned that, when discoverable information is in the control and possession of a defendant, it is not necessarily the plaintiff's responsibility to provide that information in its complaint. *Id.* at 727–30.

Since *Innova*, courts generally deny motions to dismiss ERISA claims for benefits if the plaintiff alleges sufficient facts to allow a court to draw the reasonable inference that the defendant is liable for the misconduct alleged. This is true even where a plaintiff fails to identify the relevant specific terms of the ERISA-

governed plan and fails to chronicle its attempts to obtain plan documents from the insurer. *See Abira Med. Labs. LLC v. UMR Ins. Co.*, No. 5:24-CV-00777, 2025 WL 1886681, at \*2–3 (W.D. Tex. July 7, 2025) (denying a motion to dismiss where Plaintiff failed to identify terms of the plan at issue); *Pierce v. Aveanna Healthcare, LLC*, No. 1:21-CV-287, 2022 WL 347614, at \*2 (W.D. Tex. Feb. 4, 2022) (recommending that a motion to dismiss be denied where Plaintiff did not allege specific plan provisions), *R. & R. adopted*, 2022 WL 2763162 (W.D. Tex. Feb. 24, 2022); *Highland Surgical Ctr. LLC v. Wells Fargo & Co. et al.*, No. 4:21-CV-02409, 2023 WL 12253324, at \*2 (S.D. Tex. Mar. 30, 2023); *Lone Star 24 Hr ER Facility, LLC*, 2023 WL 5729947, at \*7–8. The court does not find Defendants' attempt to distinguish *Innova* persuasive.

Here, as in *Innova*, Paramount does not identify the specific terms or provisions of the Plan that Defendants allegedly breached. But Paramount's First Amended Complaint contains more than mere conclusions. Paramount alleges many facts similar to those that *Innova* court considered. Paramount alleges that: (1) it provided health care services to patients insured by the Plan; (2) it verified coverage under the Plan before providing services; (3) it received a valid assignment of benefits; (4) it timely submitted claims for payment within extended deadlines; (6) Defendants uniformly failed to pay the claims according to the terms of the Plan; (7) many "standard" ERISA plan provisions are used across different health plans; and (8) upon information and belief, the Defendants must pay out-of-network providers the "usual, customary, and reasonable" rates of services. ECF No. 13 at 3–5. These allegations, accepted as true and viewed in the light most favorable to Paramount, are sufficient to state a claim for plan benefits under 29 U.S.C. § 1132(a)(1)(B). *See Innova* 892 F.3d at 729; *cf. Abira Med. Labs.*, 2025 WL 1886681, at \*2–3; *cf. Pierce*, 2022 WL 347614, at \*2.

6

Defendants' Motion is **DENIED** as to Paramount's ERISA claim for benefits.

### B. ERISA Breach of Fiduciary Duty

Defendants argue that Paramount's claim for breach of fiduciary duty under ERISA § 502(a)(3) (29 U.S.C. § 1132(a)(3)) is impermissibly duplicative of Paramount's claim for benefits, and that Paramount's claim for breach of fiduciary duty must be dismissed. ECF No. 24 at 13–15. Paramount responds that its fiduciary duty claim is alternative to its claim for benefits and that it seeks separate equitable relief based on Defendants' alleged breach of their fiduciary duties. ECF No. 28 at 10–11.

The law is clear in the Fifth Circuit that that "[a] claimant whose injury creates a cause of action under ERISA § 502(a)(1)(B) may not proceed with a claim under ERISA § 502(a)(3)."[1] *Manuel v. Turner Indus. Group, LLC*, 905 F.3d 859, 865 (5th Cir. 2018); *Innova*, 892 F.3d at 732–34. "Since *Innova*, district courts in the Fifth Circuit have consistently held that plaintiffs may not plead duplicative § 502(a)(1)(B) and § 502(a)(3) claims." *Pedersen v. Kinder Morgan Inc.*, 622 F. Supp. 3d 520, 532–33 (S.D. Tex. 2022).

Paramount alleges that "[d]ue to the Defendants' fiduciary breach, Plaintiff suffered damages in the form of unpaid or underpaid claims." ECF No. 13 at 7. Paramount further requests:

> appropriate equitable relief under 29 U.S.C. § 1132(a)(3), including: (a) surcharge for procedural violations of ERISA claims regulations; (b) restitution of amounts wrongfully withheld if the Plan provisions as applied are unenforceable; and (c) such other equitable relief as may be proper. Plaintiff does not seek double recovery and clarifies that any relief under

---

[1] In other words, a plaintiff may not maintain an ERISA claim for equitable relief under 29 U.S.C. § 1132(a)(3) when 29 U.S.C. § 1132(a)(1)(B) affords an adequate remedy. *Manuel*, 905 F.3d 859, 865 (5th Cir. 2018).

> this Count is alternative and not duplicative of relief sought under Count One.

*Id.*

Here, Paramount has an adequate mechanism for redress under ERISA § 502(a)(1)(B). Paramount's claim for breach of fiduciary duty is essentially a claim for benefits denied. *See Innova*, 892 F.3d at 732–34. As the court explained above, courts consistently grant motions to dismiss claims under these circumstances. *Pedersen*, 622 F. Supp. 3d 520, 532–33; *Price v. Life Ins. Co. of N. Am.*, No. CV H-18-3900, 2019 WL 2716537, at *5 (S.D. Tex. June 28, 2019); *Ferris v. Blucora, Inc. Key Leadership Change of Control Severance Plan*, 736 F. Supp. 3d 506, 519–20 (E.D. Tex. 2024); *Hollingshead v. Aetna Health Inc.*, 589 F. App'x. 732, 737 (5th Cir. 2014). Defendants' Motion to Dismiss is **GRANTED** as to Paramount's ERISA breach of fiduciary duty claim.

### C. State Law Claims
#### i. Preemption

Defendants argue that Paramount's state law claims for breach of contract, promissory estoppel, and quantum meruit all directly "relate to" the Plan and are preempted by ERISA § 514(a). ECF No. 24 at 15–18; 29 U.S.C. § 1144(a). Paramount alleges that it spoke with Defendants to verify the Patients' eligibility under the plan. ECF No. 13 at 8. According to Paramount, Defendants stated that "(a) all Patients were eligible beneficiaries under Defendants' health plan, and (b) Plaintiff would be reimbursed for the medical services provided to the Patients through the Plan." *Id.*

The ERISA statute explicitly states that, with certain exceptions, ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any [ERISA] employee benefit plan[.]" 29 U.S.C. § 1144(a); *Lone Star OB/GYN Associates*

*v. Aetna Health Inc.*, 579 F.3d 525, 529 (5th Cir. 2009) (stating that ERISA "completely preempts any state-law cause of action that 'duplicates, supplements, or supplants' an ERISA remedy.").

ERISA preemption is a defense that a defendant must plead and prove. *Bank Of Louisiana v. Aetna U.S. Healthcare Inc.*, 468 F.3d 237, 242 (5th Cir. 2006). A defendant raising ERISA preemption must show that "(1) the state law claims address an area of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) the claims directly affect the relationships among traditional ERISA entities—the employer, the plan and its fiduciaries, and the participants and beneficiaries." *Access Mediquip LLC v. UnitedHealthcare Ins. Co.*, 662 F.3d 376, 382 (5th Cir. 2011), *adhered to on reh'g en banc*, 698 F.3d 229 (5th Cir. 2012).

State law claims are preempted where they are dependent on and derived from the rights of plan beneficiaries to recover benefits under the terms of the plan. *Access Mediquip*, 662 F.3d at 383. However, state law claims are not preempted when based on alleged misrepresentations by a plan representative to a third-party service provider regarding whether or the extent to which a beneficiary is covered by the plan. *Id.* at 384–85; *see also Kennedy Krieger Inst., Inc. v. Brundage Mgmt. Co., Inc.*, No. 5:15-CV-162, 2015 WL 4528885, at *4 (W.D. Tex. July 27, 2015).

In *Access Mediquip*, a third-party services provider brought state law causes of action. The provider alleged that it provided healthcare services to beneficiaries of an ERISA plan based on the defendant's representations regarding how much, and under what conditions, defendant would pay for those services. 662 F.3d at 380–81. The Fifth Circuit reasoned that:

> State law claims of the kind asserted in . . . this case concern the relationship between the plan and third-party, non-ERISA entities who contact the plan

> administrator to inquire whether they can expect payment for services they are considering providing to an insured. The administrator's handling of those inquiries is not a domain of behavior that Congress intended to regulate with the passage of ERISA, which "imposes no fiduciary responsibilities in favor of third-party health care providers regarding the accurate disclosure of information, or, indeed, regarding any other matter."

*Id.* at 385–86. The Fifth Circuit reversed the district court's finding that the plaintiff's claims for promissory estoppel, negligent misrepresentation, and violations of the Texas Insurance Code were preempted by ERISA. *Id.* at 380, 383–86.

In the years since *Access Mediquip*, several courts have found that state law claims are not preempted where they are premised on an out-of-network healthcare provider calling a plan provider to confirm whether proposed services will be covered under an ERISA plan. *Kennedy Krieger Inst., Inc.*, 2015 WL 4528885, at *4–5; *Austin Neurospine, PLLC v. Aetna Life Ins. Co.*, No. 24-CV-672, 2025 WL 879569, at *5–6 (W.D. Tex. Jan. 31, 2025), *R. & R. adopted sub nom. Neurospine v. Aetna Health Inc.*, 2025 WL 875810 (W.D. Tex. Mar. 20, 2025); *SC Shine PLLC v. Aetna Dental, Inc.*, No. 22-CV-0834, 2023 WL 4216989, at *6–9 (W.D. Tex. June 26, 2023).

Here, as to its claims for breach of contract and promissory estoppel, Paramount alleges that it spoke with Defendants' representatives to verify each patient's eligibility under the Plan and to confirm that Defendants would pay for the medical services. ECF No. 13 at 7–8. Paramount argues that its state law claims "are based on Defendants' own pre-service assurances of payment made directly to Paramount, which can be evaluated without construing plan terms[.]" ECF No. 28 at 12. Paramount states in its Amended Complaint that its claims are not preempted because

Defendants made direct promises to Paramount separate from any plan terms governed by ERISA. ECF No. 13 at 7 n.2.

Paramount's claims for breach of contract and promissory estoppel are based on Defendants' separate representations to Paramount. The Fifth Circuit has found that claims premised on allegations that services were provided in reliance on a defendant's representations that it would pay for those services are not preempted. *Access Mediquip*, 662 F.3d at 378, 384–86. Defendants have not met their burden to show that Paramount's breach of contract and promissory estoppel claims address an area of exclusive federal concern or that the claims directly affect the relationships among traditional ERISA entities. As such, Defendants' motion as to preemption of Paramount's breach of contract and promissory estoppel claims is **DENIED**.

Paramount also alleges a claim under state law for quantum meruit. Paramount alleges that Defendants accepted medical services provided by Paramount and that Defendants have failed to pay for such services. ECF No. 13 at 9.

The analysis for quantum meruit claims differs from the analysis for promissory estoppel and breach of contract claims. As the Fifth Circuit stated in *Access Mediquip*, if a provider could allege quantum meruit claims without preemption "any provider who has provided care for which the ERISA plan denied coverage [could] challenge the ERISA plan's interpretation of its policies in state court." 662 F.3d at 386–87. The court found that such an outcome "would run afoul of Congress's intent that the causes of action created by ERISA be the exclusive means of enforcing an ERISA plan's terms, and permit state law to interfere with the relations among ERISA entities." *Id.* at 387.

As such, Paramount's quantum meruit claim is preempted and Defendants' motion is **GRANTED** as to preemption of Paramount's quantum meruit claim.

### ii. Failure to State a Claim

Defendants argue that Paramount has failed to state a claim for breach of contract and promissory estoppel. ECF No. 24 at 18–23.

As to promissory estoppel, Paramount alleges that "Defendants verified that Plaintiff would be paid a reasonable amount for the services rendered. Plaintiff would not have provided these services to these Patients without obtaining this verification from Defendants." ECF No. 13 at 8. Defendants argue that they did not make any promises to Paramount, and that the alleged "representatives" of Defendants did not have authority to bind Defendants to any promises. ECF No. 24 at 22. Defendants also argue that Paramount's promissory estoppel claim must be dismissed because "such a claim may not lie where, like here, a valid contract exists between the parties that covers the alleged promise." ECF No. 24 at 22.

At this stage, the court must accept Paramount's well-pleaded facts as true and view them in the light most favorable to Paramount. The issues raised in the motion to dismiss are better resolved on summary judgment after more fulsome discovery. Plaintiffs may generally plead alternative theories of relief. *See Nickel Bridge Capital, LLC v. Hendrickson,* No. 4:23-CV-1047, 2024 WL 1769336, at *6 (S.D. Tex. Apr. 22, 2024); Fed. R. Civ. P. 8(a). The court has not passed judgment on any alleged contract's validity, and dismissal of Paramount's promissory estoppel claim would be premature. Defendants' motion as to Paramount's promissory estoppel claim is **DENIED** without prejudice to reraising the issues in a summary judgment motion to be filed after discovery.

As to breach of contract, Defendants argue that (1) Paramount fails to plead breach of any contractual term, (2) there is no "separate contract" between Paramount and Defendants, and

12

(3) Paramount's breach of contract claim is barred by the statute of frauds. *Id.* at 18–21. According to Paramount, Defendants' representatives stated that Paramount would be reimbursed for the medical services Paramount intended to provide to the Patients. ECF No. 13 at 7–8. Paramount relied on this promise and provided medical services to the Patients. *Id.* at 8. Defendants allegedly breached by "failing to pay Plaintiff's customary and usual billed charges for the services provided to the Patients." *Id.*

It is not clear to the court that a contract was formed and, if one was formed, what its terms were. That said, the court opts to defer ruling on this issue until the summary judgment stage of the case. The court has denied Defendants' motion as to promissory estoppel. The issues and discovery as to promissory estoppel and breach of contract are very similar. Granting the motion to dismiss as to breach of contract would not significantly narrow the issues or allow for more efficient discovery. Moreover, it is well within the court's discretion to postpone ruling on a motion to dismiss until trial. *Cf.* Fed. R. Civ. P. 12(a)(4)(A) (contemplating the postponement of disposition until trial). As such, Defendants' motion is **DENIED** without prejudice as to Paramount's breach of contract claim. Defendants may raise the same arguments in a motion for summary judgment but not before the dispositive motion deadline, which will be set in a separate order.

### D. Leave to Amend is Denied

A court should freely give leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). If the plaintiff seeks leave to amend, he "must give the court at least some notice of what . . . [his] amendments would be and how those amendments would cure the initial complaint's defects." *Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021). The court may deny leave "[i]f the plaintiff does not provide a copy of the amended complaint [or]

13

explain how the defects could be cured[.]" *Id.* The court may also deny leave to amend when amendment would be futile. *Hollingshead*, 589 F. App'x. at 737 (affirming the district court's denial of leave to amend in an ERISA case when Plaintiff "was already afforded an opportunity to amend his complaint and the proposed second amendment would be futile").

Here, Paramount has already had an opportunity to amend its Complaint after Defendants filed their first Motion to Dismiss, ECF No. 10. In response to Defendants' Motion to Dismiss, Paramount generally states that "if the Court identifies any pleading deficiency, Paramount should be granted leave to amend rather than suffer dismissal with prejudice." ECF No. 28 at 5, 11, and 18. Paramount does not include proposed amendments nor explain how its amendments could rectify the deficiencies Defendants and the court identified. The court only grants Defendants' Motion to Dismiss as to two claims because one claim is duplicative and the other is preempted. Paramount's proposed amendment would be futile. Therefore, any request for leave to amend is **DENIED**.

### 4. Conclusion

Defendants' Motion to Dismiss, ECF No. 24, is **GRANTED in part and DENIED in part**.

Signed at Houston, Texas, on April 22, 2026.

_____
Peter Bray
United States Magistrate Judge

14